**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Roberto Silva (#99318), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 50007 |
| v. | ) | |
| | ) | Hon. Lisa A. Jensen |
| Read, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's motions for attorney representation [62], [66] are denied without prejudice to later renewal. Plaintiff's motions for an extension of the discovery schedule [63] and for deposition costs [65] are denied. Lastly, Plaintiff filed a request for production of documents that he appears to have sent to Defendants. (Dkt. 67-2.) Court reminds Plaintiff not to file discovery materials with the Court.

Presently before the Court are several motions in which Plaintiff requests recruitment of counsel, an extension of the discovery deadline, and for the Court to permit him to video record depositions free of charge. (Dkts. 62, 63, 65, 66.) Plaintiff's motions are denied for the reasons stated below.

*Motions for Attorney*

Plaintiff has submitted two identical motions asking the Court to recruit counsel for him. (Dkt. 62, 66.) "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). Factors to be considered include but are not limited to: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712; (3) plaintiff's capabilities, including intelligence, literacy, degree of education, communication skills, and litigation experience; and (4) the complexity of the case. *Pruitt*, 503 F.3d at 655.

After considering the above factors, the Court concludes that solicitation of counsel is not currently warranted. Plaintiff appears to have met the first requirement to make a reasonable

attempt to retain counsel on his own. (*See* Dkt. 62.) This lawsuit, however, does not present particularly complex issues. Plaintiff raises one failure to protect claim against one Defendant with DeKalb County as an indemnitor. (*See* Dkts. 10, 11.) Unlike cases that may require specialized medical knowledge or an inquiry into the defendant's subjective state of mind, the allegations here are not factually complex. Because Plaintiff is a pretrial detainee, this case requires him to demonstrate that Defendant's actions were objectively unreasonable, rather than the more difficult subjective standard for convicted prisoners. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). Plaintiff was also present for most, if not all, of the complained-of events and may rely on his own recollection of the incidents to develop his claims.

Moreover, this case does not appear to be beyond Plaintiff's capabilities. Plaintiff states in the present motion that the highest level of education he has attained is a high school equivalency through a GED. (Dkt. 62, pg. 2.) Plaintiff, however, stated on his prior motion for recruitment of counsel and in his deposition transcript submitted by Defendants that he completed associates degrees in engineering and political science while in prison between 1994 and 2000.[1] (Dkt. 4, pg. 2; Dkt. 68-1, pg. 10.) Plaintiff also indicated in his deposition that he previously owned a handyman business that was successful enough to grow into a construction business with multiple employees. (Dkt. 68-1, pg. 6-7.) Plaintiff's education and work history thus suggest he is capable of understanding difficult concepts and completing complicated tasks.

Plaintiff's performance in this case so far also demonstrates a sophisticated grasp of the facts and law involved in this lawsuit. For instance, Plaintiff has shown an understanding of such esoteric legal topics as indemnification. (*See* Dkt. 11, pg. 10.) With regard to Plaintiff's ability to conduct discovery, although Plaintiff has occasionally required guidance on what he should or should not file on the docket, he nonetheless shows a good grasp of the factual issues he must develop through discovery and the discovery tools available to him. In fact, Plaintiff has availed himself of a wide range of discovery methods—interrogatories, requests for production, subpoenas—and Defendants indicate that the parties have exchanged a significant amount of discovery materials in response to the discovery requests. (Dkt. 68.)

Plaintiff argues he requires the assistance of counsel because his incarceration prevents him from deposing Defendant Read and from locating a witness, Angel Pachero. (Dkt. 62.) Plaintiff, however, does not explain why his incarceration prevents him from completing these activities. Plaintiff indicates he intends to take Defendant Read's deposition through written questions, which does not appear to be limited by Plaintiff's incarceration. Likewise, Defendants have provided Plaintiff with Angel Pachero's last known address and Plaintiff appears capable of attempting to contact Mr. Pachero by mail. (*See* Dkt. 68.) Further, it is unclear from Plaintiff's motion that contacting a former inmate will assist in investigating the pertinent facts. *See Olson*, 750 F.3d at 712.

---

[1] Plaintiff is cautioned against making misrepresentations in his submissions to the Court. By presenting a pleading, written motion, or other paper to a court, Plaintiff certifies that the claims in the documents are warranted by existing law and that factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Submitting materially incorrect factual assertions to the Court is sanctionable.

Based on the discussion above, Plaintiff does not appear to be, at this time, "among the sea of people lacking counsel [who] need counsel the most." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) Plaintiff appears capable of proceeding without the assistance of counsel. Accordingly, his motion for recruitment of counsel is denied without prejudice to renewal should the case proceed to a point beyond his capabilities.

*Motion for Extension of the Discovery Schedule*

Next, Plaintiff requests an extension of the December 31, 2020[2] discovery deadline. (Dkt. 63.) Plaintiff states his incarceration will make it difficult for him to complete written depositions and locate witness Angel Pachero by the close of discovery. (*Id.*) Plaintiff, however, does not indicate what steps he has taken to conduct any depositions by written questions (or even whose depositions he would like to take) or to locate witnesses and how he has been prevented from doing so thus far. While incarceration may pose some additional difficulties for Plaintiff, he still has nearly two months to go before the close of discovery. Plaintiff's present motion does not demonstrate that an extension of the discovery deadline is necessary at this time. Accordingly, Plaintiff's motion is denied without prejudice. If, as December 31, 2020 approaches, Plaintiff again believes he requires an extension, he may renew his request. In any renewed motion for an extension, Plaintiff must specify the discovery that remains to be completed, the steps he took to complete that discovery, and what prevents him from completing it in time to meet the discovery deadline.

*Motion to Video Record Depositions*

Lastly, Plaintiff has submitted a motion asking the Court to permit him to record depositions by video or other recording device because he is unable to afford a stenographer. (Dkt. 65.) It also appears Plaintiff is asking the Court to allow him to take depositions without paying any associated costs. (*Id.*) Plaintiff's motion is denied. First, Plaintiff has not identified the depositions he wishes to take. The Court cannot evaluate the appropriate procedure for taking depositions without knowing the particulars of the depositions Plaintiff intends to take. Regardless, though, Plaintiff should be aware that 28 U.S.C. § 1915 does not permit a court to finance the cost of taking and transcribing a deposition. *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)") (collecting cases). Federal Rule of Civil Procedure 30(b)(3)(A) specifically provides that the cost of recording deposition testimony falls to the party who notices the deposition.

Second, in his motion Plaintiff cites Federal Rule of Civil Procedure 30(b)(4), which allows the parties to stipulate to, or the Court to order, a deposition to be taken by remote means, but he

---

[2] Plaintiff incorrectly states in his motion that discovery is scheduled to close on December 17, 2020. (Dkt. 63, pg. 1.) The July 1, 2020 order in which the Court set the discovery schedule states discovery shall close on December 31, 2020. (*See* Dkt. 43.)

3

does not discuss how this section of the rules applies to his request. And, again, Plaintiff has not provided the specifics of any deposition he wishes to take, remotely or otherwise. For that reason, Plaintiff's motion is denied at this time insofar as he may be seeking a remedy under Fed. R. Civ. P. 30(b)(4). Nonetheless, in the event Plaintiff notices a deposition, the parties are strongly encouraged to agree to remote proceedings in light of the COVID-19 health crisis. If the parties are unable to agree on conducting depositions remotely, Plaintiff may reapply to the Court to determine if remote proceedings are appropriate.

Date:   November 4, 2020                           _____
                                                  U.S. Magistrate Judge Lisa A. Jensen

4